UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **ARTUR GOSK** and **SYLVIA GOSK**,<br><br>　　　　Plaintiffs,<br><br>vs.<br><br>**LATIMER LeVAY FYOCK, LLC**,<br><br>　　　　Defendant. | Case No. 1:20-cv-00105<br><br>**Jury Trial Demanded** |

## COMPLAINT

Plaintiffs, Artur Gosk and Sylvia Gosk (the "Gosks"), by and through their undersigned attorneys, for their complaint against Latimer LeVay Fyock, LLC ("LLF"), state and allege:

### NATURE OF THE ACTION

1. LLF (a collection law firm) violated the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq.* ("FDCPA"), when it attempted to collect pre-judgment attorney fees and costs from the Gosks when LLF moved to confirm the judicial foreclosure sale of the Gosks' home. LLF knew that those pre-judgment costs and fees must have been collected and included in the judgment of foreclosure and sale. LLF knew that it could not attempt to collect these pre-judgment costs and fees at the time of the order approving sale. Illinois law prohibits the collection of a lender's pre-judgment at the time of sale confirmation.

2. The FDCPA broadly prohibits unfair or unconscionable collection methods, conduct which harasses or abuses any debtor, and the use of any false or deceptive statements in connection with attempts to collect a debt. 15 U.S.C. §§ 1692e.

### PARTIES, JURISDICTION AND VENUE

3. Jurisdiction is proper in this Court under 15 U.S.C. § 1692k and 28 U.S.C. § 1331.

4. Venue and personal jurisdiction in this District are proper under 28 U.S.C. § 1391(b)(2) because LLF conducts business in this District and because LLF's collection communications and practices giving rise to the claims occurred within this District.

5. Venue lies in this District pursuant to 28 U.S.C. § 1391(b) as a substantial part of the events or omissions giving rise to the claims asserted herein occurred, or a substantial part of property that is the subject of the action, is in this District.

6. The Gosks owned the home located at 1571 Northland Avenue, Highland Park, Illinois (the "Home").

7. The Gosks are each a "consumer" as defined in 15 U.S.C. § 1692a(3) in that each is a natural person who LLF sought to collect a debt allegedly incurred for personal, family, or household purposes. Here the debt was alleged to have been a note secured by a mortgage and the purpose was to finance debt on a personal residence.

8. LLF is an Illinois limited liability company whose members are engaged in the practice of law in Illinois.

9. LLF is a "debt collector" as defined by the FDCA, 15 U.S.C. §1692(a)(6) because it regularly collects debts owed to others. LLF is engaged in the business of collecting debts on behalf of others.

10. LLF regularly uses the mail to collect or attempt to collect debts on behalf of others.

11. In 2007, the Gosks borrowed money and executed a note. To secure payment of that note, the Gosks granted a contemporaneous mortgage liens on their interest in the Home. Together that note and mortgage are reference here as the "Loan."

12. At all relevant times, the Loan was held by Commercial Bank, as successor in interest by assignment.

13. In 2018, the Gosks fell behind in the Loan and Commercial Bank filed a foreclosure complaint in the Circuit Court of the Nineteenth Judicial Circuit, Lake County, Illinois captioned *Commercial Bank v. Artur Gosk, et al.,* which was assigned Case No. 2018-CH-1275 and is referenced herein as the "Foreclosure Case."

14. LLF acted at all relevant times as the attorney and agent of Commercial Bank in the Foreclosure Case.

15. In the Foreclosure Case, summary judgment was entered against the Gosks and in favor of Commercial Bank on August 28, 2019.

16. The Home was sold at public sale on December 3, 2019.

17. On January 3, 2020, LLF filed in the Foreclosure Case its Motion for Order Approving the Report of Sale and Distribution, Confirming Sale, for Possession and Entry of a Deficiency Judgment, referenced here as "Motion to Approve Sale," a true and correct copy of which is attached as ***Exhibit A***.

18. In connection with the Motion to Approve Sale, LLF sought to collect attorneys' fees and costs allegedly incurred for the period of July 1, 2019 through November 8, 2019. *See* Petition for Additional Attorneys' Fees and Costs and Affidavit of Sheryl A. Fyock, referenced here as "Fee Petition," a true and correct copy of which is attached as ***Exhibit B***.

19. In the Motion to Approve Sale and the Fee Petition, LLF sought to collect amounts that it was not legally entitled to collect and sought a deficiency judgment against the Gosks for those amounts. Specifically, LLF sought to collect $1,441.50 in attorneys' fees and $372.27 in costs for the period of July 1, 2019 through August 28, 2019, the date of entry of summary judgment.

20. Illinois law does not permit a plaintiff in foreclosure to recover attorneys' fees and costs incurred prior to entry of judgment of foreclosure. 735 ILCS 5/15-1508; *BMO Harris Bank, N.A. v Wolverine Properties*, LLC, 2015 IL App (2d) 140921, 38 N.E.617.

21. The FDCPA provides that "[a] debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. That includes the "false representation of . . . the character, amount, or legal status of any debt," *Id.* § 1692e(2)(A); or a "threat to take any action that cannot legally be taken…" *Id.* § 1692e(5).

## COUNT I - CLAIMS BY ARTUR GOSK

22. Artur Gosk incorporates by reference the allegations made in paragraphs 1-21.

23. By filing Exhibits A and B, LLF violated the FDCPA. Specifically, LLF falsely represented to Artur Gosk that the attorneys' fees and costs allegedly incurred prior to the entry of summary judgment could be collected and threatened to take an action, entry of a deficiency judgment which impermissibly included amounts that could not be recovered by a plaintiff in foreclosure pursuant to Illinois law.

24. Artur Gosk suffered damages as a result of LLF's violations of the FDCPA. Specifically, Artur Gosk was unduly inconvenienced and harassed by LLF's unlawful attempts to collect a debt which it was not entitled to collect from him. Additionally, Artur Gosk incurred attorneys' fees to oppose LLF's Motion to Approve Sale.

25. Pursuant to 15 U.S.C. § 1692k(a)(1), Artur Gosk is entitled to recover from LLF actual damages.

26. Pursuant to 15 U.S.C. § 1692k(a)(2)(A), Artur Gosk may recover from LLF statutory damages of $1,000.

27. Pursuant to 15 U.S.C. §1692k(a)(3), Artur Gosk may recover from LLF costs and reasonable attorneys' fees incurred in this action.

**WHEREFORE**, Artur Gosk respectfully requests that this Honorable Court enter judgment in his favor and against LLF, as follows:

a. Declaring that the conduct of LLF as alleged herein is unlawful and violates the FDCPA, 15 U.S.C. § 1692e;

b. Awarding Artur Gosk statutory damages of $1,000 pursuant to 15 U.S.C. § 1692k(a)(2)(A);

c. Awarding Artur Gosk actual damages, in an amount to be proven up at a later date, pursuant to 15 U.S.C. § 1692k(a)(1);

d. Awarding Artur Gosk costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3); and

e. Awarding any other relief as this Court deems just and appropriate.

## COUNT II - CLAIMS BY SYLVIA GOSK

28. Sylvia Gosk incorporates by reference the allegations made in paragraphs 1-21.

29. By filing Exhibits A and B, LLF violated the FDCPA. Specifically, LLF falsely represented to Sylvia Gosk that the attorneys' fees and costs allegedly incurred prior to the entry of summary judgment could be collected and threatened to take an action, entry of a deficiency judgment which impermissibly included amounts that could not be recovered by a plaintiff in foreclosure pursuant to Illinois law.

30. Sylvia Gosk suffered damages as a result of LLF's violations of the FDCPA. Specifically, Sylvia Gosk was unduly inconvenienced and harassed by LLF's unlawful attempts

to collect a debt which it was not entitled to collect from him. Additionally, Sylvia Gosk incurred attorneys' fees to oppose LLF's Motion to Approve Sale.

31. Pursuant to 15 U.S.C. § 1692k(a)(1), Sylvia Gosk is entitled to recover from LLF actual damages.

32. Pursuant to 15 U.S.C. § 1692k(a)(2)(A), Sylvia Gosk may recover from LLF statutory damages of $1,000.

33. Pursuant to 15 U.S.C. §1692k(a)(3), Sylvia Gosk may recover from LLF costs and reasonable attorney fees incurred in this action.

**WHEREFORE**, Sylvia Gosk respectfully requests that this Honorable Court enter judgment in her favor and against LLF, as follows:

a. Declaring that the conduct of LLF as alleged herein is unlawful and violates the FDCPA, 15 U.S.C. § 1692e;

b. Awarding Sylvia Gosk statutory damages of $1,000 pursuant to 15 U.S.C. § 1692k(a)(2)(A);

c. Awarding Sylvia Gosk actual damages, in an amount to be proven up at a later date, pursuant to 15 U.S.C. § 1692k(a)(1);

d. Awarding Sylvia Gosk costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3); and

e. Awarding any other relief as this Court deems just and appropriate.

## JURY DEMAND

Plaintiffs demand a trial by jury.

*Respectfully submitted,*

**ARTUR GOSK**
**SYLVIA GOSK**

By: /s/ *Rusty Payton*
Rusty Payton
Payton Legal Group
20 North Clark Street
Suite 3300
Chicago, Illinois 60602
(773) 682-5210
info@payton.legal

Arthur C. Czaja
7521 N. Milwaukee Ave.
Niles, Il 60714
(847) 647-2106
arthur@czajalawoffices.com